# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL GROSSE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 1:17cv10917 |
| WARREN T. BAXTER, INC. and, | ) |
| SAMUEL T. BAXTER, *individually,* | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

The Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and Mass. General Laws c. 149, §§ 148, 148B and 150 ("Wage Act"). The Plaintiff, a former employee of a restaurant owned and operated by Defendant, regularly worked in excess of fifty (50) hours per week but, in blatant disregard for state and federal law, was not paid wages at an overtime premium.

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States, the FLSA, 29 U.S.C. §§ 201 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred herein.

## PARTIES

3. Plaintiff Paul Grosse ("GROSSE"), a resident of Centerville Massachusetts, was employed at Baxter's Boathouse Restaurant, a restaurant in Hyannis, Massachusetts in 2015 and 2016.

4. Baxter's Boathouse Restaurant is owned and operated by Defendant Warren T. Baxter, Inc., ("BAXTER", or the "Company") a Massachusetts corporation with a principal place of business at 177 Pleasant Street, Hyannis Massachusetts. At all times relevant to this complaint, BAXTER has engaged in "interstate commerce" under the FLSA because its restaurant has combined annual gross sales of at least $500,000.00 for the previous three years, and employs individuals engaged in

interstate commerce..

5. Defendant Samuel T. Baxter is president of Warren T. Baxter, Inc. He resides at 50 Quail Lane, Hyannisport Massachusetts. The Defendant Samuel T. Baxter, based on information and belief, is the individual in charge of policies and procedures related to the payment of wages at Baxter's Boathouse Restaurant.

## FACTS

6. GROSSE was employed by BAXTER from April of 2015 through October of 2015, and again from April of 2016 through October of 2016 (the "Employment Period").

7. The Company agreed to furnish GROSSE with wages on an hour-by-hour basis.

8. The Company agreed to furnish GROSSE with hourly wages at a regular rate of $24.00 per hour.

9. GROSSE regularly worked in excess of forty (40) hours per week during the Employment Period.

10. During the Employment Period, the Company never furnished GROSSE with an overtime premium of one and one-half times his regular hourly rate for hours he worked over forty in week.

11. The Company does not operate an "amusement or recreational" establishment within the meaning of the FLSA.

12. The Company owes GROSSE wages at an overtime premium rate pursuant to the FLSA.

13. GROSSE filed a wage and hour complaint with the Fair Labor Division of the Massachusetts Attorney General's Office to commence a private action against the Defendants for violations of Massachusetts Wage and Hour Laws, and that request is pending.

## CAUSES OF ACTION

### COUNT I – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

14. The previous paragraphs are re-alleged and incorporated by reference.

15. The FLSA provides that employers such as the Defendants must compensate employees such as the Plaintiff at a rate of at least time and one half for hours worked over forty in a week.

16. Plaintiff worked over forty hours per week for the Defendants who willfully failed to pay him overtime, in violation of the FLSA.

17. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

**COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150**

18. The previous paragraphs are re-alleged and incorporated by reference.

19. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

20. The Defendants violated Mass. General Laws c. 149, § 148 by failing to timely pay the Plaintiff overtime wages due under the FLSA.

21. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

**REQUESTS FOR RELIEF**

WHEREFORE, the Plaintiff request that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages and attorney's fees under the FLSA;
3. Award triple damages and attorney fees under Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF,
By his attorney,
/s/ Michael J. Bace, Esq.
Michael J. Bace, Esq. (BBO
BACE LAW GROUP, LLC
PO Box 9316
Boston, MA 02114
508-922-8328
mjb@bacelaw.com